JOHN MCLENDON, plaintiff in error, *vs.* MARTHA P. HOLLAND, administratrix, defendant in error.

Where a record and bill of exceptions were mailed by the clerk of the superior court, and lost in transmission, counsel for plaintiff in error should have moved, at the term of this court to which the writ of of error was returnable, to have copies established, so that the case could have been heard at that term. The motion comes too late, at a subsequent term.

Practice in the Supreme Court. Lost papers. Evidence. Before the Supreme Court, August Term, 1877.

Report unnecessary.

E. C. BOWER, for plaintiff in error.

A. HOOD; R. E. KENNON, for defendant.

McLendon *vs.* Holland, adm'x.

WARNER, Chief Justice.

When this case was called upon the docket, the defendant in error made a motion to dismiss it on the ground that it had not been transmitted to this court within the time, and in the manner, required by law.

It appears that the original bill of exceptions was signed and certified by the judge on the 3d day of October, 1876, and was filed in the clerk's office on the 18th of October, 1876. It also appears by affidavit of the clerk of the superior court, that he made out a complete transcript of the record, certified the same, and transmitted it, together with the original bill of exceptions, to the clerk of this court, within the time prescribed by law, and in time to have reached this court for the January term, 1877. The clerk of this court never received that record and the original bill of exceptions, and the same appears to have been lost. On the 26th of March, 1877, the plaintiff in error filed in the clerk's office of this court what purports to be a certified copy of the lost record and original bill of exceptions, and now asks the court to hear the case thereon.

It was the duty of the plaintiff in error, at the January term of the court to which the case was returnable, when he found that the case had not reached the court, but had probably been lost in the transmission thereof, (as the exercise of ordinary diligence would have enabled him to have known that fact then as well as now,) to have made a motion at that term, to have established the certified copy record and bill of exceptions, so that the case might have been heard and decided at that term of the court, as required by the constitution and laws of the state. Failing to make the motion at the January term to which the case was returnable, and having delayed doing so until the present time, the case must be dismissed.